## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| CATALYST PAPER CORPORATION, et al.[1] | Case No. 16-12419 (CSS) |
| Debtors in a foreign proceeding. | (Joint Administration Requested) |

## FOREIGN REPRESENTATIVE'S MOTION FOR ENTRY
## OF AN ORDER SCHEDULING THE RECOGNITION HEARING
## AND SPECIFYING THE FORM AND MANNER OF SERVICE

Catalyst Paper Corporation ("CPC"), in its capacity as the authorized foreign

representative (the "Foreign Representative") for itself and its above-captioned affiliates

(collectively, the "Debtors") in a foreign proceeding (the "CBCA Proceeding") under

Section 192 of the *Canada Business Corporations Act*, R.S.C. 1985, c. C-44 (as amended, the

"CBCA") before the Supreme Court of British Columbia (the "Canadian Court"), submits this

motion (the "Motion"), pursuant to sections 105(a) and 1514 of title 11 of the United States

Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 2002, 9006, 9007, and 9008

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting the entry of

an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A,

specifying the form and manner of service of the notice of: (a) the filing of the Debtor's Chapter

15 Petitions (as defined herein) and certain related pleadings pursuant to chapter 15 of the

---

[1] The chapter 15 debtors incorporated in Canada and/or in the province of British Columbia (collectively, the "Canadian Debtors"), along with the last four digits of each Canadian Debtor's Canadian business number, are: Catalyst Paper Corporation (1171); Catalyst Paper (6288); Catalyst Pulp Operations Limited (4565); Catalyst Pulp Sales Inc. (4021); Catalyst Pulp and Paper Sales Inc. (2085); and Pacifica Poplars Ltd. (6048). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Catalyst Paper Holdings Inc. (7177); Catalyst Paper Operations Inc. (7105); Catalyst Paper (Snowflake) Inc. (7015); Catalyst Paper (USA) Inc. (6890); Pacifica Papers US Inc. (7595); Pacifica Papers Sales Inc. (7594); Pacifica Poplars Inc. (9597); and Catalyst Paper Recycling Inc. (8358). The Canadian Debtors and the U.S. Debtors are referred to herein, collectively, as the "Debtors." The Debtors' executive headquarters are located at: 2nd Floor, 3600 Lysander Lane, Richmond, BC V7B 1C3, Canada.

Bankruptcy Code, including the *Verified Petition for Entry of an Order Recognizing Foreign Main Proceeding and Granting Additional Relief* (the "Verified Petition")[2] and the *Foreign Representative's Motion for an Order Granting Certain Provisional Relief* (the "Provisional Relief Motion"); (b) this Court's entry of any order granting the relief sought in the Provisional Relief Motion (the "Provisional Relief Order"); (c) the Recognition Objection Deadline (as defined herein) by which to object to the Foreign Representative's request for entry of a final order granting the relief sought in the Verified Petition (the "Recognition Order"); and (d) the hearing for this Court to consider the Chapter 15 Petitions and the Verified Petition (the "Recognition Hearing").  In support of this Motion, the Foreign Representative submits the *Declaration of Stew Gibson in Support of Chapter 15 Petitions and First Day Pleadings* (the "Gibson Declaration"), the *Declaration of Guy P. Martel in Support of Verified Petitions for Recognition and Chapter 15 Relief* (the "Martel Declaration") and the *Foreign Representative's Memorandum of Law in Support of Verified Chapter 15 Petitions and Orders Granting Provisional and Final Relief* (the "Memorandum of Law"), filed contemporaneously herewith and incorporated herein by reference.  In further support of this Motion, the Foreign Representative respectfully states as follows:

## BACKGROUND

1.      On October 31, 2016, the Debtors commenced the CBCA Proceeding in the Canadian Court, and the Canadian Court entered a preliminary interim order (the "Preliminary CBCA Order"), granting certain initial relief in connection with the CBCA Proceeding.  The Preliminary CBCA Order, among other things, appointed CPC as the Foreign Representative for the Debtors.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition or the Gibson Declaration.

2.      On the date hereof (the "Petition Date"), the Foreign Representative commenced these Chapter 15 Cases by filing petitions (collectively, the "Chapter 15 Petitions") pursuant to sections 1504 and 1515 of the Bankruptcy Code (collectively, the "Chapter 15 Cases") seeking recognition by this Court of the CBCA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Foreign Representative has requested joint administration and procedural consolidation of these Chapter 15 Cases pursuant to Bankruptcy Rule 1015(b).

3.      Contemporaneously with the filing of this Motion, the Foreign Representative filed the Verified Petition and the Provisional Relief Motion, requesting entry of the Provisional Relief Order, which would stay, on an interim basis, any collection activity by certain creditors against the Debtors' assets in the Unites States, and, after notice and a hearing, entry of the Recognition Order granting recognition of the CBCA Proceeding as a foreign main proceeding, as discussed in greater detail therein.

4.      The Foreign Representative seeks recognition of the CBCA Proceeding as a "foreign main proceeding" as defined in sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.  In the alternative, the Foreign Representative seeks recognition of the CBCA Proceeding as a "foreign main proceeding" as defined in sections 1502(4) and 1517(b)(1) of the Bankruptcy Code with respect to the Canadian Debtors, and recognition of the CBCA Proceeding as a "foreign nonmain proceeding" as defined in sections 1502(5) and 1517(b)(2) of the Bankruptcy Code with respect to the U.S. Debtors.

5.      The primary purpose of the CBCA Proceeding is to effect the Recapitalization Transaction,[3] as described in detail in the Gibson Declaration, through a plan of arrangement (the

---

[3] As explained in the Gibson Declaration, CPC and the Principal Securityholders also have been and continue to be in discussions with KGI in connection with a potential acquisition transaction (as defined therein, the KGI

"Recapitalization Plan") consistent with the requirements of the CBCA.  Similar to a

"prepackaged" case in the U.S., the Recapitalization Plan impacts only the holders of the

Secured Notes (the "Noteholders") and equity holders, and is largely a consensual transaction.[4]

The claims of all other creditors, including employees, trade vendors, contract counterparties and

litigants, are unaffected by the Recapitalization Plan (and also would be unaffected by the

Acquisition Plan) and CPC will continue to pay such creditors in the ordinary course.

6.      Additional factual background regarding the Debtors, including their business

operations, their capital and debt structure, and the events leading to the filing of these Chapter

15 Cases, is set forth in detail in the Gibson Declaration.  Details regarding the CBCA

Proceeding and the CBCA process are set forth in the Gibson Declaration and the Martel

Declaration.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference from the United States District Court for the*

*District of Delaware*, dated February 29, 2012.  Recognition of a foreign proceeding and other

matters under chapter 15 of the Bankruptcy Code have been designated core matters under 28

U.S.C. § 157(b)(2)(P).

8.      These cases have been properly commenced pursuant to section 1504 of the

Bankruptcy Code by the filing of Chapter 15 Petitions for recognition of the Canadian

Proceedings under section 1515 of the Bankruptcy Code.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

---

Acquisition),  If and when an agreement between CPC and KGI is reached, CPC will likely determine that it would
be efficient, appropriate and necessary, and in the interest of the Company, to submit a plan of arrangement
involving the KGI Acquisition (the "Acquisition Plan") concurrently with the Recapitalization Plan.

[4] The extensions of, and related amendments to, the ABL Facility and Term Loan, which are required by the
Recapitalization Plan, would be a condition of the transaction and completed on a fully consensual basis.

10.     The statutory predicates for the relief requested in this Motion are sections 105(a) and 1514 of the Bankruptcy Code and Bankruptcy Rules 2002, 9006, 9007, and 9008.

**RELIEF REQUESTED**

11.     By this Motion, the Foreign Representative requests entry of the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) approving the notice, substantially in the form attached to the Proposed Order as <u>Exhibit 1</u> (the "<u>Recognition Notice</u>"), for (i) the filing of the Chapter 15 Petitions and certain related pleadings, including the Verified Petition, the Provisional Relief Motion, the proposed Recognition Order, and the Preliminary CBCA Order, (ii) this Court's entry, if any, of the Provisional Relief Order, (iii) the Recognition Objection Deadline, and (iv) the Recognition Hearing; (b) approving the manner of service of the Recognition Notice on any party that files a notice of appearance in the Chapter 15 Cases; (c) approving the manner of service consistent with Bankruptcy Rule 2002(q) of any pleadings that the Foreign Representative files in these Chapter 15 Cases; and (d) granting certain related relief.

**A.     Recognition Notice**

12.     Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Recognition Notice, by United States or Canadian mail, first class postage prepaid, on or before three (3) business days after entry of the Proposed Order, on: (a) all persons or bodies authorized to administer the CBCA Proceeding; (b) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code in the Provisional Relief Motion, including, but not limited to, certain contract counterparties and the Noteholders or their indenture trustees; (c) all parties to litigation pending in the United States to which any of the Debtors is a party as of the Petition Date; (d) the Office of the United States Trustee for the District of Delaware; (e) the Internal Revenue Service; (f) the Securities and Exchange

01:19474249.1

Commission; and (g) all other parties (the "Other Interested Parties") that have requested notice in these Chapter 15 Cases (collectively, the "Notice Parties").

13.     The Recognition Notice will: (a) notify the Notice Parties of the filing of the Chapter 15 Petitions and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the Verified Petition, the Provisional Relief Motion, the proposed Recognition Order, and the Preliminary CBCA Order; (b) have a copy of the Verified Petition, the Provisional Relief Order, if any, and the proposed Recognition Order (which is attached to the Verified Petition as Exhibit A) attached thereto ; (c) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing; and (d) provide a telephone number, address, and email address by which interested parties may obtain various pleadings filed in these Chapter 15 Cases.

### B.     Notice of Appearance

14.     In the event any Other Interested Party subsequently files a notice of appearance in these Chapter 15 Cases, the Foreign Representative will serve the Recognition Notice, together with all attachments thereto, on such party on or before three (3) business days after the filing of such notice of appearance to the extent the Foreign Representative has not already served such documents on the party.

### C.     Master Service List

15.     The Foreign Representative proposes to serve all pleadings that it files in the Chapter 15 Cases by United States or Canadian mail, first class postage prepaid, on: (a) counsel to the administrative and collateral agents for the Debtors' prepetition ABL and term loans; (b) the indenture trustee for the Debtors' Secured Notes; (c) counsel for each of the Principal Securityholders (as defined in the Verified Petition); (d) the Office of the United States Trustee for the District of Delaware; (e) the Internal Revenue Service; (f) the Securities and Exchange

01:19474249.1

Commission; and (g) any Other Interested Parties that have requested notice in these Chapter 15 Cases (collectively, the "Master Service List").

16.    In the circumstances of these Chapter 15 Cases, the Foreign Representative submits that serving notice of the Verified Petition and pleadings on trade and other creditors is unnecessary, and may even create confusion among such parties as to the limited nature of the relief being sought. The Foreign Representative respectfully states that such limited notice is compliant with Bankruptcy Rule 2002(q)(1) to the extent it may apply.  As detailed above, the Foreign Representative will provide the Recognition Notice to the limited number of Noteholders and contract counterparties that provisional relief is being sought against pursuant to section 1519.  Providing broader notice to U.S. trade creditors that are entirely unaffected by the CBCA Proceeding and these Chapter 15 Cases—and against which the Debtors do not seek final recognition of the automatic stay in the proposed Recognition Order—would only serve to add unnecessary expense and potentially confuse such parties.  See, e.g., In re Metinvest B.V., Case No. 16-10105 (LSS) (Bankr. D. Del. Jan. 14, 2016) [D.I. 9] (approving waiver of notice to litigation parties given the limited relief sought in a scheme of arrangement where litigation parties were unaffected in order to avoid confusion and unnecessary expense); In re Zodiac Pool Solutions SAS, Case No. 14-11818 (KJC) (Bankr. D. Del. Aug. 1, 2014) [D.I. 19] (approving waiver of notice to litigation parties in a scheme of arrangement where only secured debt was affected in order to avoid confusion and unnecessary expense).

## BASIS FOR RELIEF REQUESTED

17.    Bankruptcy Rule 2002(q) provides, in pertinent part, that:

> The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the

> debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding. The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding.

Fed. R. Bankr. P. 2002(q)(1).

18.    Bankruptcy Rule 2002(m), in turn, provides that "the court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by [the Bankruptcy Rules]." Fed. R. Bankr. P. 2002(m).

19.    Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition commencing an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the summons to respond thereto.  Fed. R. Bankr. P. 1011(b). Because the summons requirement of Bankruptcy Rule 1010 does not apply to petitions for recognition of foreign main proceedings (but only "nonmain" proceedings), the Foreign Representative submits that the reference to "summons" in Bankruptcy Rule 1011(b) is inapplicable.  See 9 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1010[6] (l5th ed. rev. 2006); 2005 Advisory Committee Note to Fed. R. Bankr. P. 1010.  Accordingly, the Foreign Representative requests a declaration from this Court that no summons is required under Bankruptcy Rule 1011(b).

20.    The Debtors have certain creditors, potential creditors, and other parties in interest that must be provided with notice of the Provisional Relief Order, the proposed Recognition Order, the Recognition Objection Deadline and the Recognition Hearing.  Given the facts and circumstances of the CBCA Proceeding and the Chapter 15 Cases, the Foreign Representative submits that service of the Recognition Notice in the manner proposed herein will provide the

Notice Parties due and sufficient notice and service of such matters and any associated objection deadlines and hearing dates.

21.    Furthermore, the Recognition Notice provides more than one method for any party receiving such notice to obtain copies of pleadings filed in these Chapter 15 Cases, as it provides a telephone number, address, and email address that can be used to obtain critical documents—including the Verified Petition, the Provisional Relief Order and the proposed Recognition Order—in these Chapter 15 Cases.  Additionally, service by the Foreign Representative of all pleadings that it files in these Chapter 15 Cases by United States or Canadian mail, first class postage prepaid, on the Master Service List is an efficient and effective way to provide notice to such key parties.  At the same time, it does not burden the Foreign Representative or the Debtors and their estates with the significant costs necessarily associated with copying and mailing the various documents filed in these cases to parties whose rights remain unaffected by the CBCA Proceeding and these Chapter 15 Cases.

22.    Accordingly, the Foreign Representative requests that the Court declare that its service to the Notice Parties of the Recognition Notice, together with the Verified Petition, the Provisional Relief Order, and the proposed Recognition Order, as proposed herein, is due and sufficient notice on all interested parties of the filing of the Chapter 15 Petitions, the Verified Petition, this Court's entry of the Provisional Relief Order, and the proposed Recognition Order.

23.    Finally, section 1514(c) of the Bankruptcy Code states that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim."  11 U.S.C. § 1514(c). As explained in Collier, section 1514 of the Bankruptcy Code is the "last in a series of sections

dealing with the international aspects of cases under chapters <u>other than chapter 15</u>." <u>See</u> 8 Alan N. Resnick & Henry J. Sommer, <u>Collier on Bankruptcy</u> ¶ 1514.01 (16th ed.) (emphasis added). Therefore, out of an abundance of caution, the Foreign Representative respectfully requests that the notice requirements of section 1514(c) of the Bankruptcy Code be waived in the Chapter 15 Cases.

## NOTICE

24.     The Foreign Representative proposes that upon entry of the Proposed Order, the Foreign Representative will cause to be served the Recognition Notice in the manner approved in the Proposed Order.  In light of the nature of the relief requested herein, the Foreign Representative submits that no other or further notice of this Motion is necessary or required.

WHEREFORE, the Foreign Representative respectfully requests that the Court (a) enter the Proposed Order, in substantially the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated:  November 1, 2016
Wilmington, Delaware

SIDLEY AUSTIN LLP
James F. Conlan (*pro hac vice admission pending*)
Dennis M. Twomey (*pro hac vice admission pending*)
William A. Evanoff (*pro hac vice admission pending*)
Blair M. Warner (*pro hac vice admission pending*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ashley E. Jacobs*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Ashley E. Jacobs (No. 5635)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

*Counsel to the Foreign Representative*

**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| CATALYST PAPER CORPORATION, et al.[1] | Case No. 16-12419 (CSS) |
| Debtors in a foreign proceeding. | (Jointly Administered) |

## ORDER SCHEDULING THE RECOGNITION HEARING
## AND SPECIFYING THE FORM AND MANNER OF SERVICE

Upon the motion (the "Motion")[2] of Catalyst Paper Corporation ("CPC"), in its capacity as the authorized foreign representative (the "Foreign Representative") for itself and the above-captioned debtors (collectively, the "Debtors") in a foreign proceeding (the "CBCA Proceeding") under Canada's *Canada Business Corporations Act*, R.S.C. 1985, c. C-44 (as amended, the "CBCA") pending before the Supreme Court of British Columbia (the "Canadian Court"), requesting the entry of an order specifying the form and manner of service of the notice of: (a) the filing of the Debtors' Chapter 15 Petitions and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the Verified Petition and the Provisional Relief Motion; (b) this Court's entry of a Provisional Relief Order, if any; (c) the Recognition Objection Deadline; and (d) the Recognition Hearing; and upon the Gibson Declaration, the Martel Declaration, and the Memorandum of Law; and the Court having jurisdiction over this matter

---

[1] The chapter 15 debtors incorporated in Canada and/or in the province of British Columbia (collectively, the "Canadian Debtors"), along with the last four digits of each Canadian Debtor's Canadian business number, are: Catalyst Paper Corporation (1171); Catalyst Paper (6288); Catalyst Pulp Operations Limited (4565); Catalyst Pulp Sales Inc. (4021); Catalyst Pulp and Paper Sales Inc. (2085); and Pacifica Poplars Ltd. (6048). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Catalyst Paper Holdings Inc. (7177); Catalyst Paper Operations Inc. (7105); Catalyst Paper (Snowflake) Inc. (7015); Catalyst Paper (USA) Inc. (6890); Pacifica Papers US Inc. (7595); Pacifica Papers Sales Inc. (7594); Pacifica Poplars Inc. (9597); and Catalyst Paper Recycling Inc. (8358). The Canadian Debtors and the U.S. Debtors are referred to herein, collectively, as the "Debtors." The Debtors' executive headquarters are located at: 2nd Floor, 3600 Lysander Lane, Richmond, BC V7B 1C3, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. § 1410; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Recognition Notice, in substantially the form attached hereto as <u>Exhibit 1</u>, is hereby approved.

3.      Prior to mailing the Recognition Notice, the Foreign Representative may fill in any missing dates or other information, correct any typographical errors, confirm the provisions thereof to the provisions of this Order, and make such other and further non-material, non-substantive changes as the Foreign Representative deems necessary or appropriate.

4.      The Foreign Representative shall serve on the Notice Parties, or caused to be served, copies of the Recognition Notice, the Provisional Relief Order, if any is entered, the Verified Petition, and the proposed Recognition Order, by United States or Canadian mail, first class postage prepaid, on or before three (3) business days after entry of this Order.

01:19474249.1

2

5.      The Foreign Representative shall serve, or caused to be served, on the Master

Service List, including any party requesting to be added thereto, all pleadings filed by the

Foreign Representative in these Chapter 15 Cases by United States or Canadian mail, first class

postage prepaid.

6.      To the extent not previously served, in the event that any Other Interested Party

files a notice of appearance in these Chapter 15 Cases, the Foreign Representative shall serve, or

caused to be served, on such party the Recognition Notice, the Provisional Relief Order, and the

proposed Recognition Order (or, to the extent the Recognition Order has previously been entered

by this Court, the Recognition Order) on or before three (3) business days after the filing of such

notice of appearance by United States or Canadian mail, first class postage prepaid.

7.      Service of the Recognition Notice, the Provisional Relief Order, and the proposed

or entered Recognition Order in accordance with this Order is hereby approved as due and

sufficient notice and service of the filing of the Chapter 15 Petitions, the Verified Petition, the

Provisional Relief Order, the proposed Recognition Order, the Recognition Hearing and the

Recognition Objection Deadline on all interested parties in these Chapter 15 Cases.

8.      Service of the Provisional Relief Order and the proposed Recognition Order in

accordance with this Order is hereby approved as due and sufficient notice and service of such

orders on all interested parties in these Chapter 15 Cases.

9.      Any responses or objections to the Chapter 15 Petitions or the Court's entry of the

Recognition Order must be made in accordance with the Bankruptcy Code, the Local Rules, and

the Bankruptcy Rules, including, without limitation, Bankruptcy Rule 1011, and must be (i)

made in writing, describe the basis therefore, and indicate the nature and extent of the

respondent's interests in the Debtors' Chapter 15 Cases, (ii) filed with the Office of the Clerk of

the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (iii) served upon (a)

Blair M. Warner, Esq. and William A. Evanoff, Esq., Sidley Austin LLP, One South Dearborn

Street, Chicago, IL 60603, (b) Matthew B. Lunn, Esq., Ashley E. Jacobs, Esq., and Edmon L.

Morton, Esq., Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street,

Wilmington, DE 19801, and (c) Milbank, Tweed, Hadley & McCloy LLP, Attn: Haig M.

Maghakian, Esq., 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 and Abhilash M.

Raval, 28 Liberty Street, New York, NY  10005, so as to be received by them on or before

_____, 2016 at 4:00 p.m. prevailing Eastern Time.

      10.     All notice requirements specified in section 1514(c) of the Bankruptcy Code are

hereby waived or otherwise deemed inapplicable to these Chapter 15 Cases.

      11.     The Recognition Hearing is scheduled to be held on _____, 2016,

at _____ prevailing Eastern Time.

      12.     Bankruptcy Rule 1010 shall not apply to the Debtors' Chapter 15 Petitions

seeking recognition of a foreign main proceeding and therefore the summons requirements in

Bankruptcy Rule 1011(b) are inapplicable to the Chapter 15 Petitions, the Verified Petition, and

any requirements under the Bankruptcy Code, the Bankruptcy Rules or otherwise for notice

thereof.

      13.     This Court shall retain jurisdiction with respect to any matters, claims, rights or

disputes arising from or related to the Motion or the implementation of this Order.

Dated:  November _____, 2016
Wilmington, Delaware

_____
    UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

## **Recognition Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| CATALYST PAPER CORPORATION, et al.[1] | Case No. 16-12419 (CSS) |
| Debtors in a foreign proceeding. | (Jointly Administered) |
| | **Hearing Date: [●], 2016 at [●] (ET)**<br>**Objection Deadline: [●], 2016 at [●] (ET)** |

**NOTICE OF HEARING ON PETITIONS UNDER
CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on [●], 2016, Catalyst Paper Corporation ("CPC"), in its capacity as the authorized foreign representative (the "Foreign Representative") for itself and its above-captioned affiliates (collectively, the "Debtors") in a foreign proceeding (the "CBCA Proceeding") under Section 192 of the *Canada Business Corporations Act*, R.S.C. 1985, c. C-44 (as amended, the "CBCA") before the Supreme Court of British Columbia (the "Canadian Court"), filed petitions (collectively, the "Chapter 15 Petitions") commencing these chapter 15 cases (the "Chapter 15 Cases"), which are ancillary to the CBCA Proceeding.

**PLEASE TAKE FURTHER NOTICE** that in these Chapter 15 Cases, the Foreign Representative has filed the *Verified Petition for Entry of an Order Recognizing Foreign Main Proceeding and Granting Additional Relief* (the "Verified Petition"). Attached to the Verified Petition as Exhibit A is a copy of the proposed final order granting the relief sought in the Verified Petition (the "Proposed Recognition Order"). A copy of the Verified Petition and the Proposed Recognition Order is attached as Exhibit I hereto.

**PLEASE TAKE FURTHER NOTICE** that among other things, the Verified Petition seeks the entry of an order granting recognition to the CBCA Proceeding as a foreign main proceeding.

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2016, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered that certain order granting

---

[1] The chapter 15 debtors incorporated in Canada and/or in the province of British Columbia (collectively, the "Canadian Debtors"), along with the last four digits of each Canadian Debtor's Canadian business number, are: Catalyst Paper Corporation (1171); Catalyst Paper (6288); Catalyst Pulp Operations Limited (4565); Catalyst Pulp Sales Inc. (4021); Catalyst Pulp and Paper Sales Inc. (2085); and Pacifica Poplars Ltd. (6048). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Catalyst Paper Holdings Inc. (7177); Catalyst Paper Operations Inc. (7105); Catalyst Paper (Snowflake) Inc. (7015); Catalyst Paper (USA) Inc. (6890); Pacifica Papers US Inc. (7595); Pacifica Papers Sales Inc. (7594); Pacifica Poplars Inc. (9597); and Catalyst Paper Recycling Inc. (8358). The Canadian Debtors and the U.S. Debtors are referred to herein, collectively, as the "Debtors." The Debtors' executive headquarters are located at: 2nd Floor, 3600 Lysander Lane, Richmond, BC V7B 1C3, Canada.

provisional injunctive and related relief under sections 105(a) and 1519 of the Bankruptcy Code [D.I. [●]] (the "Provisional Relief Order").  The Provisional Relief Order, among other things, grants, on a provisional basis, certain protections afforded by the Bankruptcy Code for acts in contravention of the orders of the Canadian Court in the CBCA Proceeding, including those protections arising under the automatic stay provided under section 362(a) (applicable to the Trustee and Noteholders) and as provided under section 365(e) of the Bankruptcy Code.  A copy of the Provisional Relief Order is attached as Exhibit II hereto.

　　　　**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order Scheduling the Recognition Hearing and Specifying the Form and Manner of Service* [D.I. [●]], entered on [●], 2016, the Bankruptcy Court has scheduled a hearing before the Honorable [●] in Room [●] of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, on [●], 2016 at [●] prevailing Eastern Time, to consider approval of the Verified Petition and granting of the relief requested therein, including the Proposed Recognition Order, on a final basis (the "Recognition Hearing"), including recognition of the CBCA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code and giving full force and effect to any orders entered in the CBCA Proceeding, including the preliminary interim order entered in the CBCA Proceeding on [●], 2016 (the "Preliminary CBCA Order), which granted certain initial relief in connection with the CBCA Proceeding.  A copy of the Preliminary CBCA Order is attached hereto as Exhibit III.

　　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Provisional Relief Order, any responses or objections to the Chapter 15 Petitions or the Bankruptcy Court's entry of the Recognition Order shall be (i) made in writing, describe the basis therefore, and indicate the nature and extent of the respondent's interests in the Debtors' Chapter 15 Cases, (ii) filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (iii) served upon (a) Blair M. Warner, Esq. and William A. Evanoff, Esq., Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, (b) Matthew B. Lunn, Esq., Ashley E. Jacobs, Esq. and Edmon L. Morton, Esq., Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 and (c) Haig M. Maghakian, Esq., Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 and Abhilash M. Raval, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, on or before [●], 2016 at [●] prevailing Eastern Time.

　　　　**PLEASE TAKE FURTHER NOTICE** that all parties in interest in the Chapter 15 Cases that are opposed to the Chapter 15 Petitions or the Bankruptcy Court's entry of the Recognition Order must appear at the Recognition Hearing, which hearing may be adjourned from time to time without further notice except for an in-court announcement at the Recognition Hearing or a filing by the Foreign Representative on the docket of the Chapter 15 Cases of the date and time to which the Recognition Hearing has been adjourned.

　　　　**PLEASE TAKE FURTHER NOTICE** that copies of the Chapter 15 Petitions and certain other pleadings filed contemporaneously therewith in support of the Chapter 15 Petitions, including the Verified Petition, are available by (i) calling [_____], (ii) requesting copies in writing at [____], or (ii) contacting [____], paralegal at Young Conaway Stargatt & Taylor, LLP,

co-counsel for the Foreign Representative, at (302) [_____].  You may also obtain copies of any pleadings filed in these Chapter 15 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

**PLEASE TAKE FURTHER NOTICE** THAT IF NO RESPONSES OR OBJECTIONS ARE RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE FOREIGN REPRESENTATIVE AND ENTER THE RECOGNITION ORDER WITHOUT FURTHER NOTICE OR A HEARING.

---

Dated:  [●], 2016                    SIDLEY AUSTIN LLP
Wilmington, Delaware                James F. Conlan (*pro hac vice admission pending*)
                                    Dennis M. Twomey (*pro hac vice admission pending*)
                                    William A. Evanoff (*pro hac vice admission pending*)
                                    Blair M. Warner (*pro hac vice admission pending*)
                                    One South Dearborn Street
                                    Chicago, Illinois 60603
                                    Telephone:  (312) 853-7000
                                    Facsimile:  (312) 853-7036

                                            -and-

                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                    */s/*
                                    _____
                                    Edmon L. Morton (No. 3856)
                                    Matthew B. Lunn (No. 4119)
                                    Ashley E. Jacobs (No. 5635)
                                    Rodney Square
                                    1000 North King Street
                                    Wilmington, Delaware 19801
                                    Telephone:  (302) 571-6600
                                    Facsimile:  (302) 571-1253

                                    *Counsel to the Foreign Representative*

01:19474249.1

3

**<u>Exhibit I</u>**

**Verified Petition and Proposed Recognition Order**

**<u>Exhibit II</u>**

**Provisional Relief Order**

**Exhibit III**

**Preliminary CBCA Order**

01:19474249.1

6