**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| CATALYST PAPER CORPORATION, et al.[1] | Case No. 16-12419 (CSS) |
| Debtors in a foreign proceeding. | (Joint Administration Requested) |

**FOREIGN REPRESENTATIVE'S MOTION FOR ENTRY OF
AN ORDER GRANTING LIMITED PROVISIONAL RELIEF**

Catalyst Paper Corporation ("CPC"), in its capacity as the authorized foreign representative (the "Foreign Representative") for itself and its above-captioned affiliates (collectively, the "Debtors" and, together with their non-debtor affiliates, the "Company") in a proceeding (the "CBCA Proceeding") under Section 192 of the *Canada Business Corporations Act*, R.S.C. 1985, c. C-44 (as amended, the "CBCA") before the Supreme Court of British Columbia (the "Canadian Court"), submits this motion (the "Motion"), pursuant to sections 105(a), 362, 365(e), 1519, and 1521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), requesting entry of a provisional order (the "Provisional Relief Order") applying sections 362 and 365(e) of the Bankruptcy Code in these Chapter 15 Cases (as defined herein) in the limited manner set forth herein on an interim basis. In support of this Motion, the Foreign Representative submits the *Declaration of Stew Gibson in Support of*

---

[1] The chapter 15 debtors incorporated in Canada and/or in the province of British Columbia (collectively, the "Canadian Debtors"), along with the last four digits of each Canadian Debtor's Canadian business number, are: Catalyst Paper Corporation (1171); Catalyst Paper (6288); Catalyst Pulp Operations Limited (4565); Catalyst Pulp Sales Inc. (4021); Catalyst Pulp and Paper Sales Inc. (2085); and Pacifica Poplars Ltd. (6048). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Catalyst Paper Holdings Inc. (7177); Catalyst Paper Operations Inc. (7105); Catalyst Paper (Snowflake) Inc. (7015); Catalyst Paper (USA) Inc. (6890); Pacifica Papers US Inc. (7595); Pacifica Papers Sales Inc. (7594); Pacifica Poplars Inc. (9597); and Catalyst Paper Recycling Inc. (8358). The Canadian Debtors and the U.S. Debtors are referred to herein, collectively, as the "Debtors." The Debtors' executive headquarters are located at: 2nd Floor, 3600 Lysander Lane, Richmond, BC V7B 1C3, Canada.

01:19474047.1

*Chapter 15 Petitions and First Day Pleadings* (the "Gibson Declaration"),[2] the *Declaration of Guy P. Martel in Support of Verified Petitions for Recognition and Chapter 15 Relief* (the "Martel Declaration") and the *Foreign Representative's Memorandum of Law in Support of Verified Chapter 15 Petitions and Orders Granting Provisional and Final Relief* (the "Memorandum of Law"), filed contemporaneously herewith and incorporated herein by reference. In further support of this Motion, the Foreign Representative respectfully states as follows:

## BACKGROUND

1. CPC, the ultimate parent company of all of the Debtors, is a publicly traded company incorporated under the CBCA which, through its 23 direct and indirect subsidiaries and a general partnership interest, produces and sells pulp and paper products in North America, Asia, Australia, and Latin America. Headquartered in Richmond, British Columbia, the Debtors are a consolidated business enterprise comprised of various manufacturing, sales, and distribution facilities and offices in Canada and the United States that are operationally and functionally integrated. The Debtors are the largest producer of mechanical printing papers in Western North America and the largest producer of coated groundwood paper in North America. CPC and certain of its wholly-owned direct and indirect subsidiaries, including the Chapter 15 Debtors, commenced the CBCA Proceeding on October 31, 2016.

2. The primary purpose of the CBCA Proceeding is to effect the Recapitalization Transaction,[3] as described in detail in the Gibson Declaration, through a plan of arrangement (the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Gibson Declaration.

[3] As explained in the Gibson Declaration, CPC and the Principal Securityholders also have been and continue to be in discussions with KGI in connection with a potential acquisition transaction (as defined therein, the KGI Acquisition), If and when an agreement between CPC and KGI is reached, CPC will likely determine that it would

01:19474047.1

2

"Recapitalization Plan") consistent with the requirements of the CBCA. Similar to a "prepackaged" case in the U.S., the Recapitalization Plan impacts only the holders of the Secured Notes and equity holders, and is largely a consensual transaction.[4] The claims of all other creditors, including employees, trade vendors, contract counterparties and litigants, are unaffected by the Recapitalization Plan (and also would be unaffected by the Acquisition Plan) and CPC will continue to pay such creditors in the ordinary course.

3. The Recapitalization Plan provides that the Debtors will not make the November 1 Interest Payment to the Noteholders and such amount will instead comprise part of the obligations under the Secured Notes that will be exchanged for in a new term loan and common stock of CPC. Noteholders holding over 86% of the Secured Notes are parties to the Recapitalization Support Agreement and support the proposed treatment of the November 1 Interest Payment. Nevertheless, non-payment of the November 1 Interest Payment contravenes the terms of the Indenture and potentially could lead to efforts by the Trustee or individual Noteholders to obtain payment of such interest or otherwise exercise remedies against the Debtors or their assets. Accordingly, by this Motion, the Foreign Representative is seeking a limited application of the stay to prevent the Trustee or individual Noteholders from seeking payment of the November 1 Interest Payment or otherwise seeking payment on the Secured Notes or exercising remedies against the Debtors or their assets.

4. The Debtors are parties to a number of contracts that contain default, termination and similar provisions that may be triggered by reason of the filing of these Chapter 15 Cases, commencement of the CBCA Proceeding, potential defaults under the Indenture and similar

---

be efficient, appropriate and necessary, and in the interest of the Company, to submit a plan of arrangement involving the KGI Acquisition (the "Acquisition Plan") concurrently with the Recapitalization Plan.

[4] The extensions of, and related amendments to, the ABL Facility and Term Loan, which are required by the Recapitalization Plan, would be a condition of the transaction and completed on a fully consensual basis.

01:19474047.1

events. It is possible that the Debtors' contract counterparties would invoke such provisions in order to terminate their contracts and avoid their corresponding obligations to the Debtors, notwithstanding that such counterparties will continue to be paid in the ordinary course and are unaffected by the Recapitalization Plan. To prevent this result and the consequent harm to the Debtors' business, the Foreign Representative is seeking application of section 365(e) of the Bankruptcy Code in these Chapter 15 Cases to their executory contracts.

5. Additional factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these Chapter 15 Cases, is set forth in detail in the Gibson Declaration. Details regarding the CBCA process, the Recapitalization Plan and the Acquisition Plan are set forth in the Gibson Declaration and the Martel Declaration.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

8. The statutory predicates for the relief requested in this Motion are sections 105, 362, 365, 1519, and 1521 of the Bankruptcy Code.

## RELIEF REQUESTED

9. By this Motion, the Foreign Representative requests entry of the Provisional Relief Order, in substantially the form attached hereto as Exhibit A, applying (i) section 362 of the Bankruptcy Code to the Trustee and the Noteholders to prevent them from seeking payment

01:19474047.1

of the November 1 Interest Payment or otherwise seeking payment on the Secured Notes or otherwise exercising remedies against the Debtors or their assets and (ii) section 365(e) of the Bankruptcy Code in these Chapter 15 Cases to the Debtors' executory contracts, all on an interim basis pursuant to sections 105(a), 1519(a), and 1521(a)(7) of the Bankruptcy Code, and granting such other and further relief as this Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

### A. Section 1519 of the Bankruptcy Code Authorizes the Requested Provisional Relief

10. Section 1519(a) of the Bankruptcy Code authorizes the Court to grant the Foreign Representative certain specified relief pending the Court's ruling on the Petitions:

> (a) From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including —
>
> (1) staying execution against the debtor's assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative . . . in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and
>
> (3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a).

11. Section 1519(a)(3) of the Bankruptcy Code expressly authorizes the Court to grant to the Foreign Representative any relief referenced in, among other provisions, section 1521(a)(7) of the Bankruptcy Code. Section 1521(a)(7), in turn, permits a court to grant any relief, with certain limited exceptions that are not applicable here, that would be available to a bankruptcy trustee, and therefore authorizes the Court to apply sections 105, 362, and 365(e) of the Bankruptcy Code to these Chapter 15 Cases on a provisional basis.

01:19474047.1

5

B.   **The Requested Provisional Relief Is Justified**

12.   Provisional relief under section 1519 requires satisfaction of the standard for injunctive relief.  11 U.S.C. § 1519(e); In re Innua Canada Ltd., Case No. 09-16362, 2009 WL 1025088, at *3 (Bankr. D.N.J. Mar. 25, 2009).  In the Third Circuit, that standard requires a movant to show that:  (a) it has a likelihood of success on the merits; (b) it will suffer irreparable harm if the injunction is denied; (c) granting preliminary relief will not result in even greater harm to the nonmoving party; and (d) the public interest favors such relief.  Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted); Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted).  The Foreign Representative submits that the standard is satisfied in the Chapter 15 Cases.

1.   **There Is a Substantial Likelihood of Recognition**

13.   As detailed more fully in the *Verified Petition for Entry of an Order Recognizing Foreign Main Proceeding and Granting Additional Relief*, filed concurrently herewith, and the Gibson Declaration, the Foreign Representative has set forth a compelling case for recognition of the CBCA Proceeding as a foreign main proceeding.  The center of main interest for both the Canadian and U.S. Debtors is in British Columbia, Canada.  The CBCA Proceeding is a "foreign proceeding" and the Foreign Representative is a "foreign representative," as those terms are defined in the Bankruptcy Code.  In addition, these Chapter 15 Cases were duly and properly commenced by filing the Petitions accompanied by all fees, documents and information required by the Bankruptcy Code and the Bankruptcy Rules, including: (a) a certified copy of the Preliminary CBCA Order; (b) lists pursuant to Bankruptcy Rule 1007(a)(4)(B) containing (i) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtors, (ii) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, and (iii) all parties to litigation pending in the United States to which the

01:19474047.1

6

Debtor is a party as of the Petition Date; (c) a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1; and (d) a statement identifying all foreign proceedings with respect to the Debtors that are known to the Foreign Representative.

### 2. The Debtors Will Suffer Irreparable Harm if the Request for Provisional Relief Is Denied

14. The stay imposed by section 362 of the Bankruptcy Code is one of the fundamental protections provided by U.S. bankruptcy law, halting collection and attachment efforts and providing debtors with necessary breathing room from financial pressures. Similarly, section 365(e) provides essential protection against the disruption to business operations and interference that could result from the exercise of remedies by contract counterparties as a result of commencing a case under the Bankruptcy Code. If these protections are not applied to the limited extent requested in these Chapter 15 Cases, the Debtors could face immediate and irreparable harm resulting from the piecemeal loss of assets from Trustee or individual Noteholder collection and enforcement efforts and contract terminations asserted by certain contract counterparties. The Debtors have substantial assets in the United States, and failure to promptly enjoin Trustee/Noteholder collection actions and termination of U.S. contracts would result in evasion of the terms of the Preliminary CBCA Order and significant disruption to the Debtors' business. If any such actions were taken in the United States, the Debtors would be forced to expend their resources to defend against these suits and/or contract terminations, regardless of their merit.

### 3. There Will Be No Harm to Creditors if the Provisional Relief Is Granted

15. The Trustee/Noteholders and contract counterparties will not be harmed by the requested provisional relief, as it will merely preserve the status quo and enable the Court to rule

on the Petitions.[5] Absent this Court's entry of the Provisional Relief Order, the Debtors may be forced to needlessly expend their limited resources in defense of collection actions by the Trustee or individual Noteholders, and may need to exert efforts to replace terminated contracts, potentially with less advantageous terms. At the same time, entry of the Provisional Relief Order will impose little, if any, hardship on any party. The hearing on the Recognition Order will likely be held in approximately 45 days from the date hereof; thus, the narrow requested provisional relief will only be in place for a limited time and will have little impact on creditors as a whole if, for some reason that is not anticipated, the Court determines not to grant recognition to the CBCA Proceeding. Further, the Provisional Relief Order would not prohibit termination upon the occurrence of any default under the Debtors' contracts other than those specifically enumerated in section 365(e) of the Bankruptcy Code. By contrast, if the provisional relief sought herein is not granted, the Debtors are at material risk of immediate and irreparable harm from the termination of certain contracts or unilateral collection or enforcement actions by individual Noteholders.

16. Moreover, upon entry of the Recognition Order granting recognition to the CBCA Proceeding as a foreign proceeding, sections 1520 and 1521 of the Bankruptcy Code would implement, among other provisions, the automatic stay of section 362 of the Bankruptcy Code in the Chapter 15 Cases. Thus, in the event the Recognition Order is entered, the Foreign Representative will become entitled to much of the relief provided for by the Provisional Relief Order.[6] In addition, the Debtors intend to continue satisfying their obligations on normal trade

---

[5] The proposed Provisional Relief Order approving this Motion will expressly allow any creditor that believes it has been harmed by the provisional relief granted to file a motion with the Court seeking relief from the Provisional Relief Order.

[6] In the event that the CBCA Proceeding is recognized as a foreign nonmain proceeding with respect to the U.S. Debtors, the Foreign Representative is alternatively seeking relief under section 1521 of the Bankruptcy Code that would implement section 1520 of the Bankruptcy Code with respect to the estates of the U.S. Debtors.

01:19474047.1

terms in the ordinary course of business, so creditors and contract counterparties should not be materially affected by the ongoing proceedings (if at all). Individual Noteholders' rights to initiate piecemeal collection and enforcement actions in the United States and contract counterparties' rights to terminate contracts or services when the Debtors will be continuing to operate in the ordinary course of business should be afforded minimal weight in light of the CBCA Proceeding, the filing of the Petitions, and the relief requested herein.

17. In fact, granting the request for provisional relief will benefit the Debtors' creditors because it will ensure that actions occurring in the CBCA Proceeding are not disrupted or compromised and that creditors in Canada and the United States are treated identically. Indeed, as stated in the legislative history to section 362 of the Bankruptcy Code:

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340-2 (1977).

18. Furthermore, section 1522(a) of the Bankruptcy Code provides that relief pursuant to section 1519 is available only if "the interests of creditors and other interested parties" are "sufficiently protected." See 11 U.S.C. § 1522(a). Granting recognition to the CBCA Proceeding and enforcing the Preliminary CBCA Order is appropriate because it will leave the Debtors' creditors and other interested parties "sufficiently protected." While the Bankruptcy Code does not explicitly define the meaning of "sufficiently protected" as provided

---

Therefore, the Foreign Representative will be seeking relief under section 1520 of the Bankruptcy Code, to the extent that such relief is not automatically conferred upon certain of the Debtors.

01:19474047.1

in section 1522(a), the legislative history indicates that the section was meant to ensure that "the foreign proceeding [is not] seriously and unjustifiably injuring United States creditors." H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 11 (2005). Courts have applied a balancing test that considers the "interests of the creditors and other interested entities, including the debtor," and the "weighing of the interests of the foreign representative (debtor) in receiving the requested relief (the debtor) in receiving the requested relief against the competing interests of those who would be adversely affected by the grant of such relief" to ensure that creditors are adequately protected. See Jaffe v. Samsung Elecs. Co., 737 F.3d 14, 29 (4th Cir. 2013); Chen v. Ernst & Young Inc. (In re Nortel Networks Corp.), 2013 U.S. Dist. LEXIS 162887, at *13 (D. Del. Nov. 15, 2013) (describing the balancing test performed by the Bankruptcy Court pursuant to section 1522(a)).

19. Here, granting the provisional relief providing for the temporary application of sections 362 (to the limited extent requested) and 365(e) of the Bankruptcy Code will ensure that all U.S. creditors are treated uniformly and that a U.S. creditor does not gain an unfair advantage over creditors in Canada through the commencement of collection actions in the United States. Moreover, given the continued payment of trade and unsecured creditors in full in the ordinary course of business during the Chapter 15 Cases, the Foreign Representative submits that creditors are "sufficiently protected" as contemplated by section 1522(a) and that there will be no harm to creditors if the Foreign Representative's request for provisional relief is granted.

**4.    The Public Interest Favors Granting the Provisional Relief**

20. As noted above, the requested provisional relief is consistent with the policy underlying bankruptcy law and is in the public interest because it will facilitate the Debtors' efforts to enforce the provisions of the Preliminary CBCA Order in the United States. It is imperative that that the status quo be maintained while the relief requested in the Petitions is

01:19474047.1

being considered by this Court. See Rehabworks, Inc. v. Lee (In re Integrated Health Servs, Inc.), 281 B.R. 231, 239 (Bankr. D. Del. 2002) ("In the context of a bankruptcy case, promoting a successful reorganization is one of the most important public interests."); In re Lazarus Burman Assocs., 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993) ("The public interest, in the context of a bankruptcy proceeding, is in promoting a successful reorganization."); see also In re Adelphia Comm'cns Corp., 368 B.R. 140, 284 (Bankr. S.D.N.Y. 2007) ("The public interest requires bankruptcy courts to consider the good of the case as a whole"); Am. Film Techs v. Taritero (In re Am. Film Techs.), 175 B.R. 847, 849 (Bankr. D. Del. 1994) ("It is 'one of the paramount interests' of this court to assist the Debtor in its reorganization efforts." (quoting Gathering Rest., Inc. v. First Nat'l Bank of Valparaiso (In re Gathering Restr., Inc.), 79 B.R. 992, 1001 (Bankr. N.D. Ind. 1986))).

21. In addition, granting the provisional relief is in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15.

> (a) The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of –
>
> . . .
>
> (3) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor;
>
> (4) protection and maximization of the value of the debtors' assets; and
>
> (5) facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment.

11 U.S.C. § 1501(a).

22.     For the reasons stated above, courts in this circuit have frequently granted requests for similar provisional relief in chapter 15 cases.[7] The Foreign Representative submits that such relief is similarly appropriate in this instance.

## NOTICE

23.     Notice of this Motion will be provided to: (a) counsel to the administrative and collateral agents for the Debtors' prepetition ABL Facility and Term Loan; (b) the indenture trustee for the Debtors' Secured Notes; (c) counsel for each of the Principal Securityholders; (d) the Office of the United States Trustee for the District of Delaware; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) any other interested parties that have requested notice in these Chapter 15 Cases.  The Foreign Representative will provide notice of the entry of any order granting relief sought in this Motion in the form and manner set forth in the *Foreign Representative's Motion for Entry of an Order Scheduling the Recognition Hearing and Specifying the Form and Manner of Service*, filed concurrently herewith.  The Foreign Representative submits that such proposed notice and service to the parties contemplated therein constitutes reasonable and proper notice under the circumstances, and that no other or further notice is necessary or required.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[7] See, e.g., In re Toshiba Samsung Storage Tech. Korea Corp., Case No. 16-11602 (CSS) (Bankr. D. Del. July 6, 2016) (order granting provisional relief, including protections of automatic stay); In re LDK Solar Co., Ltd., Case No. 14-12387 (LSS) (Bankr. D. Del. Oct. 22, 2014) (same); In re Essar Steel Algoma Inc., Case No. 14-11730 (KJC) (Bankr. D. Del. July 17, 2014) (applying sections 362 and 365(e) on a provisional basis to protect against contract termination); In re Angiotech Pharm., Inc., Case No. 11-10269 (KG) (Bankr. D. Del. Jan. 31, 2011) (same); In re Cinram Int'l Inc., Case No. 12-11882 (KJC) (Bankr. D. Del. Jun. 26, 2012) (same); In re Catalyst Paper Corp., Case No. 12-10221 (PJW) (Bankr. D. Del. Jan. 19, 2012) (same); In re MAAX Corp., Case No. 08-11443 (CSS) (Bankr. D. Del. July 14, 2008) (applying section 365(e) on a provisional basis to protect against contract termination).

WHEREFORE, the Foreign Representative respectfully requests entry of the Provisional Relief Order, substantially in the form attached hereto as <u>Exhibit A</u>, and that the Court grant such other relief as is just and proper.

| | |
|---|---|
| Dated:  November 1, 2016<br>Wilmington, Delaware | SIDLEY AUSTIN LLP<br>James F. Conlan (*pro hac vice admission pending*)<br>Dennis M. Twomey (*pro hac vice admission pending*)<br>William A. Evanoff (*pro hac vice admission pending*)<br>Blair M. Warner (*pro hac vice admission pending*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Facsimile:  (312) 853-7036<br><br>-and-<br><br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Matthew B. Lunn*<br>Edmon L. Morton (No. 3856)<br>Matthew B. Lunn (No. 4119)<br>Ashley E. Jacobs (No. 5635)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br><br>*Counsel to the Foreign Representative* |

**Exhibit A**

**Proposed Provisional Relief Order**

01:19474047.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| CATALYST PAPER CORPORATION, et al.[1] | Case No. 16-12419 (CSS) |
| Debtors in a foreign proceeding. | (Joint Administration Requested) |

**ORDER GRANTING LIMITED PROVISIONAL RELIEF
FOR RECOGNITION OF A FOREIGN PROCEEDING**

Upon the motion (the "Motion")[2] of Catalyst Paper Corporation ("CPC"), in its capacity as the authorized foreign representative (the "Foreign Representative") for itself and the above-captioned debtors (collectively, the "Debtors" and, together with their non-debtor affiliates, the "Company") in a foreign proceeding (the "CBCA Proceeding") under Canada's *Canada Business Corporations Act*, R.S.C. 1985, c. C-44 (as amended, the "CBCA") pending before the Supreme Court of British Columbia (the "Canadian Court"), requesting entry of a provisional order applying sections 362 and 365(e) of the Bankruptcy Code in these Chapter 15 Cases in the limited manner set forth herein on an interim basis; and upon the Gibson Declaration, the Martel Declaration, and the Memorandum of Law; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this

---

[1] The chapter 15 debtors incorporated in Canada and/or in the province of British Columbia (collectively, the "Canadian Debtors"), along with the last four digits of each Canadian Debtor's Canadian business number, are: Catalyst Paper Corporation (1171); Catalyst Paper (6288); Catalyst Pulp Operations Limited (4565); Catalyst Pulp Sales Inc. (4021); Catalyst Pulp and Paper Sales Inc. (2085); and Pacifica Poplars Ltd. (6048). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Catalyst Paper Holdings Inc. (7177); Catalyst Paper Operations Inc. (7105); Catalyst Paper (Snowflake) Inc. (7015); Catalyst Paper (USA) Inc. (6890); Pacifica Papers US Inc. (7595); Pacifica Papers Sales Inc. (7594); Pacifica Poplars Inc. (9597); and Catalyst Paper Recycling Inc. (8358). The Canadian Debtors and the U.S. Debtors are referred to herein, collectively, as the "Debtors." The Debtors' executive headquarters are located at: 2nd Floor, 3600 Lysander Lane, Richmond, BC V7B 1C3, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

01:19474029.1

matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. § 1410; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being necessary to preserve the value of the Debtors' assets and business and in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (i) each Debtor's center of main interest is located in British Columbia, Canada, (ii) the Debtors are subject to a pending "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (iii) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, and that (iv) all statutory elements for recognition of the CBCA Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code.

01:19474029.1

2

C.      The Foreign Representative has demonstrated that unless the automatic stay is applied in the Chapter 15 Cases to prevent the Trustee and individual Noteholders from seeking payment of the November 1 Interest Payment or otherwise seeking payment on the Secured Notes, there is a material risk that the Debtors' assets in the United States could be subject to efforts by the Trustee or Noteholders to control or possess such assets.  Such acts could: (a) interfere with and cause harm to the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to the Debtors' efforts to administer their assets, operate their business, reorganize pursuant to the CBCA Proceeding and enforce the Preliminary CBCA Order in the United States; and (c) undermine the Foreign Representative's efforts to achieve an equitable result for the benefit of all of the Debtors' creditors.  Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable harm or injury for which they will have no adequate remedy at law and therefore it is necessary that the Court enter this Provisional Relief Order without prior notice to parties in interest or their counsel.

D.      The Foreign Representative has demonstrated that without the protection of section 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of the Debtors' contracts or leases may take the position that the commencement of the CBCA Proceeding or the Chapter 15 Cases or any default under the Indenture authorizes them to terminate such contracts or leases or accelerate obligations thereunder.  Such termination or acceleration will severely impair the Debtors' restructuring efforts and result in irreparable damage to the value of the Debtors' estates and business and substantial harm to the Debtors' creditors and other parties in interest.

01:19474029.1

E.       The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to the Debtors' business, assets, and property in the absence of the requested relief.

F.       All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

G.       The interests of the public will be served by entry of this Order.

H.       The Foreign Representative and the Debtor are entitled to the protections and rights available pursuant to section 1519(a)(1)–(3) of the Bankruptcy Code, as provided in this Order.

Based on the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED THAT:

1.       The Motion is GRANTED as set forth herein.

2.       Pending entry of a recognition order pursuant to section 1517, the Foreign Representative and the Debtors shall be entitled to the full protections and rights under section 1519(a)(1) with respect to the Trustee and the Noteholders, which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against the Debtors' assets by the Trustee or the Noteholders within the territorial jurisdiction of the United States and, to the maximum extent permitted by applicable law, any other territory where this Court's orders are enforceable.  Specifically, the Trustee and the Noteholders are hereby enjoined from (a) commencing any action or exercising any remedies with respect to or involving the Debtors, their assets or the proceeds thereof, or their former, current or future directors and officers, (b) commencing or continuing any action to create, perfect or enforce any lien, setoff or other claim against the Debtors or any of their

property, or (c) managing or exercising control over the Debtors' assets located within the territorial jurisdiction of the United States and, to the maximum extent permitted by applicable law, any other territory where this Court's orders are enforceable except as expressly authorized by the Debtors in writing.

3. Pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 365(e) of the Bankruptcy Code is hereby made applicable to the Debtors in the Chapter 15 Cases. Any provision of the type described in section 365(e)(1) is unenforceable against the Debtors until such time as an order disposing of the Chapter 15 Petitions is entered; *provided, further*, that no counterparty to any of the Debtors' contracts or leases shall terminate or suspend any contract or lease based solely upon the Debtors' commencement of the CBCA Proceeding.

4. Upon entry of this Order, the Trustee and the Noteholders shall not make, commence, or enforce any rights, claims or remedies in respect of or arising from any obligations under the Indenture and related guarantee, security and other documents to which the Debtors are party.

5. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed under section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

6. The entry of this Order shall be without prejudice to the right of the Debtors to seek additional provisional or final relief from this Court in these Chapter 15 Cases.

7. Any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than ten business days' written notice to: (i) counsel to

the Foreign Representative: (a) Sidley Austin LLP, One South Dearborn, Chicago, IL 60603 (Attn: William A. Evanoff, Esq. and Blair M. Warner, Esq.); (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq., Matthew B. Lunn, Esq., and Ashley E. Jacobs, Esq.); and (ii) counsel to the Supporting Parties, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Abhilash Raval, Esq. and Haig M. Maghakian, Esq.).  The Court will hear such motion on a date to be scheduled by the Court.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative shall not be subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9. Pursuant to Federal Rule 65(b), made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice is required prior to the entry and issuance of this Order. Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule 65(c) are hereby waived, to the extent applicable.  Notice of the Motion as set forth therein is adequate and sufficient service and notice of the Motion and this Order and no other or further notice need be provided.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Provisional Relief Order.

Dated:  November _____, 2016
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

01:19474029.1

6