IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CATALYST PAPER CORPORATION, et al.[1]<br><br>Debtors in a foreign proceeding. | Chapter 15<br><br>Case No. 16-12419 (CSS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 5 |

## ORDER SCHEDULING THE RECOGNITION HEARING
## AND SPECIFYING THE FORM AND MANNER OF SERVICE

Upon the motion (the "Motion")[2] of Catalyst Paper Corporation ("CPC"), in its capacity as the authorized foreign representative (the "Foreign Representative") for itself and the above-captioned debtors (collectively, the "Debtors") in a foreign proceeding (the "CBCA Proceeding") under Canada's *Canada Business Corporations Act*, R.S.C. 1985, c. C-44 (as amended, the "CBCA") pending before the Supreme Court of British Columbia (the "Canadian Court"), requesting the entry of an order specifying the form and manner of service of the notice of: (a) the filing of the Debtors' Chapter 15 Petitions and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the Verified Petition and the Provisional Relief Motion; (b) this Court's entry of a Provisional Relief Order, if any; (c) the Recognition Objection Deadline; and (d) the Recognition Hearing; and upon the Gibson Declaration, the Martel Declaration, and the Memorandum of Law; and the Court having jurisdiction over this matter

---

[1] The chapter 15 debtors incorporated in Canada and/or in the province of British Columbia (collectively, the "Canadian Debtors"), along with the last four digits of each Canadian Debtor's Canadian business number, are: Catalyst Paper Corporation (1171); Catalyst Paper (6288); Catalyst Pulp Operations Limited (4565); Catalyst Pulp Sales Inc. (4021); Catalyst Pulp and Paper Sales Inc. (2085); and Pacifica Poplars Ltd. (6048). The chapter 15 debtors incorporated in the United States (collectively, the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Catalyst Paper Holdings Inc. (7177); Catalyst Paper Operations Inc. (7105); Catalyst Paper (Snowflake) Inc. (7015); Catalyst Paper (USA) Inc. (6890); Pacifica Papers US Inc. (7595); Pacifica Papers Sales Inc. (7594); Pacifica Poplars Inc. (9597); and Catalyst Paper Recycling Inc. (8358). The Canadian Debtors and the U.S. Debtors are referred to herein, collectively, as the "Debtors." The Debtors' executive headquarters are located at: 2nd Floor, 3600 Lysander Lane, Richmond, BC V7B 1C3, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

01:19477000.2

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. § 1410; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Recognition Notice, in substantially the form attached hereto as Exhibit 1, is hereby approved.

3. Prior to mailing the Recognition Notice, the Foreign Representative may fill in any missing dates or other information, correct any typographical errors, confirm the provisions thereof to the provisions of this Order, and make such other and further non-material, non-substantive changes as the Foreign Representative deems necessary or appropriate.

4. The Foreign Representative shall serve on the Notice Parties, or caused to be served, copies of the Recognition Notice, the Provisional Relief Order, if any is entered, the Verified Petition, and the proposed Recognition Order, by United States or Canadian mail, first class postage prepaid, on or before three (3) business days after entry of this Order.

01:19477000.2

5.  The Foreign Representative shall serve, or caused to be served, on the Master Service List, including any party requesting to be added thereto, all pleadings filed by the Foreign Representative in these Chapter 15 Cases by United States or Canadian mail, first class postage prepaid.

6.  To the extent not previously served, in the event that any Other Interested Party files a notice of appearance in these Chapter 15 Cases, the Foreign Representative shall serve, or caused to be served, on such party the Recognition Notice, the Provisional Relief Order, and the proposed Recognition Order (or, to the extent the Recognition Order has previously been entered by this Court, the Recognition Order) on or before three (3) business days after the filing of such notice of appearance by United States or Canadian mail, first class postage prepaid.

7.  Service of the Recognition Notice, the Provisional Relief Order, and the proposed or entered Recognition Order in accordance with this Order is hereby approved as due and sufficient notice and service of the filing of the Chapter 15 Petitions, the Verified Petition, the Provisional Relief Order, the proposed Recognition Order, the Recognition Hearing and the Recognition Objection Deadline on all interested parties in these Chapter 15 Cases.

8.  Service of the Provisional Relief Order and the proposed Recognition Order in accordance with this Order is hereby approved as due and sufficient notice and service of such orders on all interested parties in these Chapter 15 Cases.

9.  Any responses or objections to the Chapter 15 Petitions or the Court's entry of the Recognition Order must be made in accordance with the Bankruptcy Code, the Local Rules, and the Bankruptcy Rules, including, without limitation, Bankruptcy Rule 1011, and must be (i) made in writing, describe the basis therefore, and indicate the nature and extent of the respondent's interests in the Debtors' Chapter 15 Cases, (ii) filed with the Office of the Clerk of

the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (iii) served upon (a) Blair M. Warner, Esq. and William A. Evanoff, Esq., Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, (b) Matthew B. Lunn, Esq., Ashley E. Jacobs, Esq., and Edmon L. Morton, Esq., Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, and (c) Milbank, Tweed, Hadley & McCloy LLP, Attn: Haig M. Maghakian, Esq., 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 and Abhilash M. Raval, 28 Liberty Street, New York, NY 10005, so as to be received by them on or before _December 12_, 2016 at 4:00 p.m. prevailing Eastern Time.

10. All notice requirements specified in section 1514(c) of the Bankruptcy Code are hereby waived or otherwise deemed inapplicable to these Chapter 15 Cases on the limited basis as set forth in the Recognition Notice.

11. The Recognition Hearing is scheduled to be held on _December 22_, 2016, at _12:30 pm_ prevailing Eastern Time.

12. Bankruptcy Rule 1010 shall not apply to the Debtors' Chapter 15 Petitions seeking recognition of a foreign main proceeding and therefore the summons requirements in Bankruptcy Rule 1011(b) are inapplicable to the Chapter 15 Petitions, the Verified Petition, and any requirements under the Bankruptcy Code, the Bankruptcy Rules or otherwise for notice thereof.

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: November _2_, 2016
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE